LOWE'S COMPANIES, INC. T/D/B/A LOWE'S OF ASHEVILLE v. HERBERT J. LIPE AND A. A. J. KRAMERS

No. 7328SC603

(Filed 12 December 1973)

**Uniform Commercial Code § 13— sale of goods — statute of frauds — insufficiency of writings**

Documents signed by defendant in which defendant promised to be responsible for payment for materials furnished a builder who was

constructing a home for defendant did not constitute an enforceable contract under G.S. 25-2-201.

APPEAL by plaintiff from *Martin (Harry C.), Judge,* at the 9 April 1973 Session of BUNCOMBE Superior Court.

This is a civil action to recover $5,101.28, plus interest, as the unpaid balance for materials supplied in the construction of a home. The defendant Kramers employed defendant Lipe as a contractor to construct a home in Buncombe County, North Carolina. Kramers was to pay Lipe $30,800.00 for the construction of the home. There was a controversy between Kramers and Lipe in connection with the construction of the home, and cross-actions were filed between them in this action; but that controversy has been severed from the trial of plaintiff's cause of action, and said cross-action has been continued and is not involved in the present controversy between plaintiff and Kramers.

Plaintiff alleged:

"III. That on or about the month of August, 1970, the Plaintiff and the Defendants entered into an agreement whereby the Plaintiff agreed to furnish the Defendants with various building materials and the Defendants agreed to pay for the same on a monthly basis.

IV. That on numerous occasions since said date the Plaintiff has furnished the Defendants with said building materials.

V. That the Defendants are now indebted to the Plaintiff in the amount of $5,101.28, plus interest which is the balance due on the materials furnished."

Kramers answered those allegations as follows:

"3. That the allegations contained in Paragraph 3 are denied except it is admitted that defendant, Herbert J. Lipe entered into an agreement whereby the plaintiff agreed to furnish Herbert J. Lipe with various building materials and said defendant agreed to pay for the same on a monthly basis.

4. That the allegations of Paragraph 4 are denied except it is admitted that the defendant, Herbert J. Lipe, was furnished with building materials by plaintiff.

5. That the allegations of Paragraph 5 are denied."

Kramers filed, in addition to the portion of the Answer above quoted, an affirmative defense pleading the provisions of G.S. 25-2-201 in bar of any recovery by the plaintiff for that any writing pertaining to the transaction between the plaintiff and the defendant Kramers does not show any quantity of goods being sold.

The defendant Lipe confessed judgment in favor of the plaintiff for the amount of the indebtedness, namely, $5,101.28, plus interest, from 31 August 1970.

The defendant Kramers signed two documents which the plaintiff relies upon to make out its right of recovery. These documents read:

"To Whom It Concerns.

Mr. H. J. Lipe—contractor for project—Pine Acre Boulevard, acts on behalf of undersigned, in securing the highest quality of materials for said project.

Undersigned will be fully responsible for the financial consequences of all transactions to the amount as contracted.

Under equal terms Lowe's must commit itself to supply to Mr. H. J. Lipe selected materials of supreme quality, without exception. Any deviation therefrom may lead to cancellation of any outstanding and future orders.

A. A. J. KRAMERS

The second document reads:

"HOME OWNER'S LIABILITY STATEMENT

LOWE'S, INC.

DATE _____

TO:

We are indeed happy that you, through your contractor or workman, have selected Lowe's as the place to buy your material. We are confident that we will be able to give you the finest service and that we will be able to place in your home the finest products.

Lowe's v. Lipe

We trust our service to you will be satisfactory in every respect, and we assure you that it will be mutually profitable to both of us. As a convenience to our many customers, we have adopted the policy of advancing credit to different parties who are engaged in home construction through this area, and in such event there will be added to the cost of the material as a carrying charge one percent of the unpaid balance each 30 days until the purchase price has been paid in full. However, where credit is advanced, the law has imposed upon us a duty which we must pass on to you to a certain extent. We are required by the lien laws of the State of North Carolina to notify you that there is being purchased from our place of business material which is going into the construction of your home. We know the invoices for this material will be promptly and fully met unless something unforeseen takes place; however, in operating a business as large as ours, it is necessary that we adopt a definite policy with respect to all accounts. Pursuant to this policy, we send letters to each home owner or to each person who is engaged in the construction of the home and purchasing materials, either directly or through some other person from our place of business, advising them of such purchase. This enables the home owner or the person building the building to have an opportunity to see that these accounts are paid. Since you are now engaged in building and certain products from our business are going into your building, we would appreciate it if you would acknowledge the receipt of this notice.

Enclosed is a self-addressed, stamped envelope for your convenience in answering this letter. Also enclosed is an acknowledgment which you may use in answering this letter.

Very truly yours,

LOWES, INC.

ACCEPTANCE:

We hereby accept the liability of this account and will see that the merchandise is paid for and the residence or property described herein on the reverse side of this notice is responsible for such payment.

Lowe's v. Lipe

WITNESS:

----------------------------------
     .
----------------------------------

                         Mr. A. A. J. KRAMERS (SEAL)

                         Mrs. _____ (SEAL)

LOWE'S OFFICE MUST COMPLETE REVERSE SIDE OF THIS
STATEMENT

COMPLETE EVERY BLANK IF POSSIBLE:

     YOU MUST SECURE ASSIGNMENT OF CONSTRUCTION
FUNDS IF CUSTOMER HAS SECURED A CONSTRUCTION LOAN.

CONSTRUCTION LOAN INFORMATION

     Amount of Loan $ N.A.

     Lending Institution N.A.

Does Lowe's have Construction Loan Assignment?

     Yes _____ No x Amount $_____

Is it in file? Yes _____ No x Loan made to _____

MORTGAGE LOAN INFORMATION

Amount of Loan $ N.A. Lending Institution N.A.

Does Lowe's have Mortgage Loan Assignment?

Yes _____ No x Amount $_____

Is it in file? Yes _____ No x Loan Made to _____

     Total Amount covering entire project deposited at
Merryll Lynch Co.

OWNER OF LAND WHICH BUILDING IS CONSTRUCTED

-------------------------------------------------------------------------

(Give names of Husband and Wife if private home.)

DESCRIPTION OF LAND

     15 Pine Acre Boulevard
     Asheville
     Buncombe County, N. C.

Lowe's v. Lipe

Give State, County, City, and Civil District (if known), and Township of location. Also, give book and page number where deed is recorded or deed description of land.

Is this job on a 'cost-plus' or 'fixed sum' basis between owner and contractor? Contract with special provisions

Contractor's Name: H. J. Lipe — Asheville

If purchases are for more than one job, we should have a separate form completed for each job and identifiable with charges to this account either by job number or job name so that all materials purchased may be identified if it is necessary to file a lien.

If job is on a 'fixed sum' basis (Between owner and contractors), the owner of the property should be notified of the indebtedness and the following notation made on bills sent to the owner — 'Enclosed herewith is statement of material furnished _____ for construction of your house.'

If this property is owned by contractor to be transferred to buyer when house is completed, answer following:

(1) House is built on speculation _____ contract x.

(2) Price of house and lot is $_____.

Information secured By _____ Approved by _____ Limit Approved $_____."

It was stipulated and agreed that there was no question of fact to be determined by the jury, and "that the Defendant Lipe did not question the amount of money owed nor the delivery of the materials for said amount." Plaintiff and defendant each moved for summary judgment. The trial court granted Kramers' motion for summary judgment and denied plaintiff's motion and denied any recovery for plaintiff against Kramers. Plaintiff appealed from said order and judgment.

*Wade Hall by J. Lawrence Smith for plaintiff appellant.*

*Uzzell and DuMont by J. William Russell for defendant appellee.*

CAMPBELL, Judge.

No matter on what theory the plaintiff might have been able to make out a case entitling it to a recovery, it is obvious

from the complaint filed by the plaintiff that the plaintiff sought to recover from Kramers on a contract for the sale of goods for a price in excess of $500.00.

We must consider the case on the same theory in which it was presented in the trial court. *Leffew v. Orrell,* 7 N.C. App. 333, 172 S.E. 2d 243 (1970). The two documents relied upon by the plaintiff and signed by the defendant Kramers do not make out an enforceable contract under North Carolina General Statute 25-2-201. We think the trial court was correct.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.