PORT CITY ELECTRIC COMPANY v. HOUSING, INCORPORATED

No. 7421SC485

(Filed 6 November 1974)

**Contracts § 19— novation — no issue of fact — summary judgment**

In an action to recover the balance allegedly due under a contract, the evidence on motion for summary judgment was insufficient to establish an issue of fact as to whether a third party had assumed defendant's responsibilities under the contract and plaintiff had acquiesced in this change of parties, and the trial court properly entered summary judgment for plaintiff establishing defendant's liability under the contract and ordering trial on the sole issue of the balance due under the contract.

APPEAL by defendant from *McConnell, Judge,* 14 January 1974 Session of Superior Court held in FORSYTH County. Argued in the Court of Appeals 27 August 1974.

Plaintiff and defendant entered into a contract on or about 11 May 1970, whereby plaintiff was to furnish and install electrical wiring and fixtures in 212 houses and one community building in Northills Subdivision, Winston-Salem, North Carolina. The contract sum was $86,597.40, subject to additions and deductions by change order. Plaintiff instituted this action to recover the sum of $13,850.76, the balance it alleges to be due under the contract.

Defendant's answer admits the due execution of the contract as alleged but denies liability for the balance due. Defendant alleges that on 31 December 1970, C. P. Robinson assumed the debts, obligations, and benefits of defendant in its contract with Port City Electric Company (Port City). Defendant further alleges that Port City ratified and acquiesced in the substitution of C. P. Robinson on the contract in the place of defendant.

After interrogatories and cross-interrogatories plaintiff moved for summary judgment. Judge McConnell heard the motion on the pleadings, the interrogatories, and affidavit of the president of plaintiff, and an affidavit of the president of defendant. Judge McConnell concluded "that there is no genuine issue as to any material fact regarding the execution of the contract by the plaintiff and defendant and that the liability of the defendant to the plaintiff is indisputably established as a matter of law." He further concluded "that it is indisputably established that there occurred no novation of the contract between the plaintiff and defendant." Summary judgment was entered for plaintiff upon the issue of defendant's liability under the contract, and the case was set for trial on the sole issue of the balance due under the contract.

Defendant appealed from the entry of summary judgment establishing liability.

*Collier, Harris, Homesley, Jones & Gaines, by Walter H. Jones, Jr., for the plaintiff.*

*Hoyle, Hoyle & Boone, by John T. Higgins, Jr., and John T. Weigel, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant's entire argument on this appeal is that the evidence on the summary judgment hearing shows a genuine issue as to a material fact, and therefore summary judgment for plaintiff establishing defendant's liability on the contract was error. Defendant argues that the evidence establishes a genuine issue as to a novation of the original contract. The argument is that C. P. Robinson agreed to assume defendant's responsibilities under the original contract and that plaintiff acquiesced in this change of parties.

By the use of interrogatories the parties have fully explored and developed the facts concerning the alleged novation. At the hearing on plaintiff's motion for summary judgment, the trial judge considered the pleadings, the contract, the interrogatories, the exhibits, and the affidavits before concluding that no genuine issue as to a material fact was raised with respect to the alleged novation. It will serve no purpose for us to articulate a summary of these lengthy documents. Suffice to say, in our view it is clearly established that defendant executed the original contract; that defendant and C. P. Robinson signed a written

document concerning responsibilities of C. P. Robinson for performance of defendant's obligations under the original contract; that defendant never notified plaintiff of an attempted substitution of Robinson in the place of defendant under the original contract; and that plaintiff in no way exhibited acquiescence in such a substitution, if such was in fact intended by defendant and Robinson. It is defendant's argument that plaintiff thereafter dealt with Robinson only. However, this argument is defeated by the terms of the original contract, where plaintiff and defendant agreed as follows in Article 4: "The work to be performed under this contract shall be commenced as per schedule supplied by C. P. Robinson Construction Co. and completed as per schedule supplied by C. P. Robinson Construction Co."

The only indication in this record that plaintiff was aware of an agreement between defendant and Robinson is a conclusory allegation in defendant's answer, a conclusory statement in defendant's affidavit, the argument in defendant's brief, and oral argument by defendant. These conclusory statements, unsupported by factual allegations and evidence, are not sufficient to raise a genuine issue as to the material fact of a novation.

A novation is generally described as the substitution of a new contract for an existing valid contract by agreement of the parties, and ordinarily the parties must have intended that the new agreement should be in substitution for and extinguishment of the old. 2 Strong, N. C. Index 2d, Contracts, § 19. Although such an agreement can possibly be consummated by ratification, in our opinion evidence of ratification is wholly lacking in this record; therefore no genuine issue as to this fact has been raised.

In our opinion summary judgment for plaintiff establishing defendant's liability under the contract and the order for trial on the sole issue of the balance due under the contract were correct. The same are affirmed and the cause remanded to the Superior Court for trial in accordance with the terms of the judgment appealed from.

Affirmed and remanded.

Judges MORRIS and MARTIN concur.