BELINDA BORDERS AND BENJAMIN COX v. P. J. NEWTON, CRAIG V. MURRAY, WALTER V. MURRAY, MARTHA ANN MURRAY, ANNIE MAE LAUGHORN, AND NEWTON BROTHERS REAL ESTATE COMPANY

No. 8321DC897

(Filed 5 June 1984)

1. Unfair Competition § 1— unfair trade practice—recovery of treble damages— no recovery of damages for fraud

Where plaintiffs recovered treble damages for an unfair trade practice under G.S. 75-1.1, they were barred from recovering additional damages for fraud based upon the same course of conduct.

2. **Unfair Competition § 1— unfair trade practice—denial of attorney fees**
    The trial court did not abuse its discretion in denying attorney fees to plaintiff tenants in an action for unfair trade practices by defendant landlords and their rental agent. G.S. 75-16.1.

APPEAL by plaintiffs from *Alexander, Judge.* Judgment entered 17 April 1983 in District Court, FORSYTH County. Heard in the Court of Appeals 10 May 1984.

The defendants P. J. Newton, Craig V. Murray, Walter V. Murray, Martha Ann Murray, and Annie Mae Laughorn owned an apartment at 1659-B Lincoln Avenue in the City of Winston-Salem, which was managed by the defendant Newton Brothers Real Estate Company. On 1 February 1982 the plaintiffs inquired of Newton Brothers about renting the apartment. They were assured by Newton Brothers that the apartment was suitable for occupancy and on demand deposited $246.00 with Newton Brothers as an application fee, a security deposit, and one month's rent. Upon inspection they found the premises to be unsuitable for occupancy and uninhabitable. In fact the City of Winston-Salem had issued a Community Development Department order dated 22 January 1982 prohibiting defendants from renting the premises until repairs were made and a certificate of Fitness for Occupancy was issued. No such certificate had been entered at the time plaintiffs deposited their money. Newton was aware of the Order and the requirement for repairs at the time, and plaintiffs relied on his assurances of habitability. Newton refused to return the monies deposited by plaintiffs, and they were without funds to find alternative housing. Plaintiffs brought this action seeking a refund of their deposit, treble damages under Chapter 75 of the General Statutes, punitive and compensatory damages, and attorney fees. Specifically, plaintiffs seek damages because of alleged violations of the North Carolina Residential Rental Agreements Act, G.S. 42-38 *et seq.*; Tenant Security Deposit Act, G.S. 42-50 *et seq.*; and G.S. 75-1.1. Defendants counterclaimed for $1,200.00 arising under the lease.

Plaintiffs moved for partial summary judgment. The trial judge concluded defendants had violated the North Carolina Residential Rental Agreements Act and the Tenant Security Deposit Act and thereby had committed an unfair trade practice act by renting a dwelling in violation of the City Condemnation

Order. The judge assessed damages of $240.00 and trebled the same to $720.00 against the defendants, and concluded their counterclaim had no merit. Reserved for trial were the issues of fraud, additional compensatory damages, punitive damages and attorney fees.

The matter was tried before a jury. At the close of plaintiffs' evidence the judge directed a verdict for all defendants, and plaintiffs appealed.

*Legal Aid Society of Northwest North Carolina, Inc., by Jane R. Wettach and Ellen W. Gerber, for plaintiff appellants.*

*Allman, Spry, Humphreys & Armentrout, and Clyde C. Randolph, Jr., for defendant appellees.*

HILL, Judge.

The plaintiffs first argue the court erred in granting a directed verdict in favor of P. J. Newton and Newton Brothers Real Estate Company, contending there was sufficient evidence for the jury to consider that the defendants committed fraud. We disagree. Although plaintiffs technically presented sufficient evidence of fraud, defendants were nonetheless entitled to judgment as a matter of law.

[1] In the present case, the same course of conduct gave rise to causes of action for fraud and unfair trade practices under G.S. 75-1.1. When the same course of conduct gives rise to a traditional cause of action as well as a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the traditional cause of action or for violation of G.S. 75-1.1, but not both. *Marshall v. Miller,* 47 N.C. App. 530, 268 S.E. 2d 97 (1980), *modified on other grounds and affirmed,* 302 N.C. 539, 276 S.E. 2d 397 (1981). Having recovered treble damages for defendants' violation of G.S. 75-1.1, plaintiffs were thereby barred from recovering additional damages for fraud. *Id., see Hardy v. Toler,* 288 N.C. 303, 218 S.E. 2d 342 (1975) (Huskins, J., concurring in result).

[2] Plaintiffs contend the court erred in denying their claim for attorneys' fees. The award of attorneys' fees under G.S. 75-16.1 is within the sound discretion of the trial judge. We find no abuse of that discretion.

Alamance County Hospital v. Neighbors

We have examined the remaining assignments brought forth by plaintiffs and find them without merit.

The judgment of the trial court is

Affirmed.

Judges WEBB and WHICHARD concur.