Hazeline Daye BASNIGHT, Plaintiff,

v.

DIAMOND DEVELOPERS, INC., A North Carolina Corporation, and Bruce L. Bleiman, individually and as an officer of said corporation, Defendants.

No. 1:00CV00173.

United States District Court, M.D. North Carolina.

Nov. 20, 2001.

April Gordon Dawson, Dawson Dawson & Dawson, P.A., Graham, NC, for Hazeline Daye Basnight.

Robert Neal Hunter, Jr., Jason Andrew Knight, Hunter Johnson Elam & Benjamin, PLLC, Greensboro, NC, for Diamond Developers, Inc., Bruce L. Bleiman.

*MEMORANDUM OPINION*

BEATY, District Judge.

## I. INTRODUCTION

This case comes before the Court on Defendant Bruce L. Bleiman's Motion for Attorney's Fees [Document # 51]. For the reasons that follow, Defendant Bruce L. Bleiman's Motion for Attorney's Fees is DENIED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint, pleadings, and other documents submitted by the parties indicate that on or about August 1, 1999, Defendant Diamond Developers, Inc. ("Diamond Developers") placed an advertisement in the *Burlington Times–News* newspaper. The advertisement promoted certain programs designed to encourage homeowners to remodel their homes to make them more energy efficient. Approximately two weeks after placing the advertisement, on or about August 15, 1999, Diamond Developers received a written response from Hazeline D. Basnight ("Plaintiff") requesting that a representative from Diamond Developers contact her. In response to this letter, on August 24, 1999, Bruce Bleiman ("Defendant Bleiman"), President of Diamond Developers, visited Plaintiff's home in Graham, North Carolina. During this meeting, Defendant Bleiman prepared a handwritten home improvement contract between Plaintiff and Diamond Developers which provided that Diamond Developers would install new custom cabinetry and countertops in Plaintiff's home.

On September 8, 1999, Plaintiff signed a typed home improvement contract which mirrored the handwritten contract in that it provided for Diamond Developers to perform certain remodeling services at

Plaintiff's home. According to the contract, Diamond Developers was to extend credit to Plaintiff to finance the improvements. Furthermore, the contract granted Diamond Developers a security interest, in the form of a Deed of Trust, in Plaintiff's home.

On September 27, 1999, a carpenter from Diamond Developers went to Plaintiff's home and took measurements for the installation of the countertops and cabinets. The countertops and cabinets were delivered to Plaintiff's home on October 29, 1999. As of that date, other than taking the necessary measurements and delivering the goods, Diamond Developers had done no work related to the contract. Soon thereafter, Plaintiff notified Diamond Developers that she wished to terminate the contract. Plaintiff nevertheless remained in contact, via telephone, with various representatives from Diamond Developers.

Eventually, Plaintiff's attorney both mailed and faxed letters to representatives of Diamond Developers to notify the company that Plaintiff was rescinding the handwritten contract of August 24, 1999, and the more formal typed contract of September 8, 1999. Despite these notifications, Diamond Developers made no attempt to remove the cabinets and countertops from Plaintiff's property and took no action to cancel the security interest in Plaintiff's home. Because Diamond Developers was not cooperative with Plaintiff's efforts to have the goods removed from her property and the security interest in her home terminated, she eventually donated the cabinets and countertops to charity.

Based on the above events, and several allegedly upsetting phone calls placed by representatives of Diamond Developers, Plaintiff, on February 22, 2000, filed a lawsuit against Diamond Developers and Defendant Bleiman in his individual capacity (collectively, "Defendants"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.Gen.Stat. § 75–1.1. Plaintiff also alleged claims for intentional and negligent infliction of emotional distress against Defendants. Defendants filed a counterclaim, alleging that Plaintiff breached the home improvement contract.

On April 12, 2000, Defendants filed a Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Document # 6]. Although Defendants' Motion to Dismiss was granted with respect to Plaintiff's TILA claim against Defendant Bleiman individually, Defendants' Motion to Dismiss was denied with respect to all of Plaintiff's other claims. On January 8, 2001, Defendants filed a Motion for Summary Judgment [Document # 32]. Also on January 8, 2001, Plaintiff filed a Motion for Partial Summary Judgment [Document # 35]. In its Memorandum Opinion dated March 29, 2001 [Document # 48], this Court granted Plaintiff's Motion for Partial Summary Judgment with respect to her claim that Diamond Developers violated the TILA. This Court also, in the same Memorandum Opinion, granted Plaintiff's Motion for Partial Summary Judgment with respect to Defendants' breach of contract counterclaim. The Court also granted Defendants' Motion for Summary Judgment with respect to all of Plaintiff's intentional and negligent infliction of emotional distress claims. Finally, the Court granted Defendants' Motion for Summary Judgment with respect to Plaintiff's unfair and deceptive trade practices claim against Defendant Bleiman in his individual capacity.

The Court's Memorandum Opinion, though, did not dispose of Plaintiff's unfair and deceptive trade practices claim against

Diamond Developers. The claim was therefore placed on the trial calendar. The parties, however, settled this remaining claim, and filed a Stipulation of Dismissal [Document # 50] on April 30, 2001. The case was closed the same day. Nevertheless, because the Court granted Defendants' Motion for Summary Judgment with respect to Plaintiff's claim against Defendant Bleiman under N.C.Gen.Stat. § 75–1.1, Defendant Bleiman filed a Motion for Attorney's Fees [Document # 51] on July 27, 2001.

This matter is presently before the Court on Defendant Bleiman's Motion for Attorney's Fees. In support of his motion, Defendant Bleiman points to N.C.Gen.Stat. § 75–16.1, which gives the trial court discretion to award attorney's fees in certain unfair and deceptive trade practices actions under N.C.Gen.Stat. § 75–1.1. He claims that under the statute, he is entitled to $20,112.49 in attorney's fees and related expenses and requests in his motion that the Court award such an amount. The Court will now consider Defendant Bleiman's Motion for Attorney's Fees.

## III. DISCUSSION

### A. Standard of Review

 In any suit instituted by a person alleging that the defendant violated N.C.Gen.Stat. § 75–1.1, the presiding judge may, in his discretion, award a reasonable attorney's fee to the prevailing party. N.C.Gen.Stat. § 75–16.1. In order for Defendant Bleiman to recover attorney's fees, he must establish that he is the prevailing party, that Plaintiff knew, or should have known the claim was frivolous and malicious, and that the requested fee is reasonable. *Id.* To award attorney's fees under the statute, the Court must make findings of fact to demonstrate that the above requirements were established, thereby supporting the fee award. *Barbee*

*v. Atl. Marine Sales & Serv.*, 115 N.C.App. 641, 648, 446 S.E.2d 117, 122, *disc. rev. denied,* 337 N.C. 689, 448 S.E.2d 516 (1994). The determination of whether to grant an award of attorney's fees is within the sound discretion of the trial judge. *Varnell v. Henry M. Milgrom, Inc.,* 78 N.C.App. 451, 457, 337 S.E.2d 616, 620 (1985). In fact, "[t]he judge's decision to deny attorney fees ... is limited only by the abuse of discretion rule." *Id.* Even where the facts of a particular case will support a finding that the requirements of N.C.Gen.Stat. § 75–16.1 have been met and an award of attorney's fees may be warranted, the Court retains the discretion to deny the award. *Llera v. Sec. Credit Sys., Inc.,* 93 F.Supp.2d 674, 681 (W.D.N.C.2000). It is within this framework that the Court will now consider the merits of Defendant Bleiman's motion.

### B. Defendant Bleiman's Motion for Attorney's Fees

 As stated above, for Defendant Bleiman to recover attorney's fees, he must first establish that he is the prevailing party. As Defendant Bleiman notes, this Court granted summary judgment in his favor with respect to Plaintiff's claim against him for unfair and deceptive trade practices. (Mem.Op., at 18.) It is well settled that a party that wins pursuant to a summary judgment motion is considered a prevailing party for purposes of awarding attorney's fees. *See Shaw v. Jones,* 81 N.C.App. 486, 488, 344 S.E.2d 321, 323 (1986) (noting that the court granted summary judgment to the defendants and stating that "[t]here is no question that defendants were the 'prevailing parties' in this case"). Therefore, the Court notes that for purposes of awarding or denying attorney's fees, Defendant Bleiman is the prevailing party in Plaintiff's individual capacity claim under N.C.Gen.Stat. § 75–1.1.

In addition to establishing that he is the prevailing party, Defendant Bleiman must demonstrate that Plaintiff knew, or should have known, that the § 75–1.1 claim brought against him was frivolous and malicious. Defendant Bleiman points out that in granting summary judgment, the Court found that Plaintiff's § 75–1.1 claim against him was without legal basis and therefore without merit. (Br.Supp.Defs.' Mot.Atty.'s Fees, at 11.) In fact, Defendant notes that Plaintiff based her § 75–1.1 claim against Defendant Bleiman on a single phone call, in which she admitted Defendant Bleiman was very polite. (*See* Mem.Op., at 18.) The conclusion that Plaintiff's claim against Defendant Bleiman was legally insufficient, however, does not necessarily mean that it was also frivolous and malicious. Plaintiff's initial personal contact with Diamond Developers was through Defendant Bleiman, the President of the corporation. Plaintiff could have reasonably thought it necessary to sue Defendant Bleiman in conjunction with the corporation, as he was representing the corporation and acting with apparent authority on its behalf. This suggestion is supported by the fact that Plaintiff's Complaint jointly alleges the unfair and deceptive trade practices claims against Diamond Developers and Defendant Bleiman. (Compl., at 8–9.) Because Plaintiff could have reasonably thought that both Defendants should have been named in the allegations pursuant to § 75–1.1, the Court is not willing to state that the unfair and deceptive trade practices claim against Defendant Bleiman was frivolous and malicious. Moreover, there are other factors, namely the unreasonableness of the requested fee and the failure to meet certain procedural requirements, that weigh against an award of attorney's fees.

With respect to the reasonableness of the requested fee, Defendant Bleiman provided the Court with two affidavits which take the position that the number of hours spent on the litigation was consistent with what is expected of an attorney with similar experience. The affidavits also claim that the hourly rate charged by Defendant Bleiman's counsel was customary for attorneys with similar experience practicing in the geographic area in which Defendant Bleiman's counsel practices. The Court, however, is not convinced that the requested fee is reasonable. Plaintiff's original complaint asserted a claim for unfair and deceptive trade practices against both Defendant Bleiman and Diamond Developers. It appears from the billing information presented to the Court that many of the services provided in connection with the claim against Defendant Bleiman also benefitted Diamond Developers. Moreover, the Court finds it reasonable to infer that such services were rendered with the intent that they benefit both Defendants.[1] The Court's inference is corroborated by the fact that Defendant Bleiman did not address the issue of whether certain services rendered on his behalf were also performed in connection with his counsel's representation of Diamond Developers. Defendant Bleiman continued to ignore the issue even after Plaintiff raised it in her Response in Opposition to Defendants' Motion for Attorneys' Fees.

The last factor that weighs against an award of attorney's fees in this case is Defendant Bleiman's failure to follow certain procedural requirements. Specifically, Defendant Bleiman failed to adhere to

---

1. The Court also notes, as did Plaintiff, that to the extent that services were rendered solely for the benefit of Defendant Bleiman, they would likely have been performed regardless of his involvement in the case, as Defendant Bleiman was the President of Diamond Developers. (*See* Pl.'s Resp.Opp'n Defs.' Mot.Attys.' Fees, at 2.)

North Carolina Middle District Local Rule 54.2. Local Rule 54.2 provides, in pertinent part, that:

> The court will not consider a motion to award statutory attorney's fees until moving counsel shall first advise the court in writing that after consultation the parties are unable to reach an agreement in regard to the fee award. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys, and the specific results achieved.

N.C.M.D. Local R. 54.2.

Local Rule 54.2 further provides that a motion for attorney's fees must be filed with the trial court within sixty days of final judgment. *Id.*

It appears to the Court that the required consultation did not occur. Defendant Bleiman claims that the consultation was disregarded because, after a series of discussions he engaged in with Plaintiff and her counsel, he did not feel further consultation was warranted. The Court also notes that Defendant Bleiman admitted that his motion was filed at least twenty-five days past due. (Reply Pl.'s Resp. Opp'n Defs.' Mot.Attys.' Fees, at 3.) Defendant Bleiman blames these oversights on the fact that a relatively inexperienced attorney was responsible for coordinating the motion. (*Id.*, at 2–3.) The Court notes, though, that Defendant Bleiman cannot relieve himself of the responsibility to adhere to the rules of the Court, notwithstanding his characterization of the legal experience of his chosen counsel. Therefore, the Court, in its discretion, finds that an award of attorney's fees, particularly of the magnitude requested by Defendant Bleiman, is not warranted because of Defendant Bleiman's substantive failure to meet all the requirements of N.C.Gen.Stat. § 75–16.1, and also because of his procedural failures under Local Rule 54.2.

## IV. CONCLUSION

For the reasons stated above, the Court, in its discretion, finds that an award of attorney's fees is not warranted. Defendant Bleiman's Motion for Attorney's Fees [Document # 51] is therefore DENIED.