CARL GORDON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

No. 6922SC455

(Filed 17 September 1969)

1. **Insurance § 106— action under liability policy — use of term "and/or"**

   In an action to recover under an automobile liability insurance policy, use of the term "and/or" in the complaint is disapproved.

2. **Pleadings § 2— sufficiency of complaint — legal conclusions**

   Plaintiff should do more than merely incorporate in his pleading allegations in the nature of legal conclusions.

3. **Insurance § 105— action under insurance policy — complaint — showing coverage**

   In an action to recover under an insurance policy, plaintiff's complaint should show that the loss sued for was covered by the contract of insurance, and ordinarily it should set out facts sufficient to enable the court to decide that his claim is within the coverage of the policy or contract.

4. **Insurance § 106— action by injured third party against liability insurer — sufficiency of allegations**

   In this action by an injured third party against an automobile liability insurer to recover upon a judgment obtained against the negligent driver in a prior action, the complaint fails to state a cause of action where it merely sets forth various legal conclusions joined by the term "and/or"

as to why the automobile in question was insured by defendant, it being impossible to determine on what basis plaintiff desires to rest his cause of action, and defendant's demurrer to the complaint was properly allowed.

APPEAL by plaintiff from *Thornburg, S.J.,* 19 May 1969 Civil Session, DAVIDSON County Superior Court.

This action was instituted 15 June 1966. In the original complaint, plaintiff alleged that defendant had issued a policy of liability insurance to Donald Joe Myers with a coverage of $5,000.00 for the benefit of any person injured on account of the negligent operation of an automobile by Myers; that on 3 November 1962 plaintiff, while riding as a guest passenger with Myers, sustained personal injuries when Myers made a left turn in front of another automobile thereby causing a wreck. Plaintiff also alleged that at the time of sustaining the injuries he was a minor, 19 years of age, and that by next friend he instituted an action against Myers and on 12 June 1963 procured a judgment in the amount of $12,500.00. Plaintiff alleged that on 22 March 1964 he became 21 years of age and that this action was instituted within 3 years of attaining majority.

Defendant answered, denying liability, pleading the 3-year statute of limitations and pleading further that any and all insurance policies issued by it to Myers had been cancelled prior to 3 November 1962. This answer was filed 1 July 1966.

The following is a chronological listing of the pleadings submitted and orders entered subsequent to the filing of the answer.

11 December 1967. Judge Olive entered an order permitting the plaintiff to file an amendment to the complaint.

11 December 1967. The plaintiff filed the first amendment to the complaint.

15 January 1968. The defendant filed a demurrer to the amended complaint for failure to state a cause of action.

16 January 1968. Judge Robert M. Martin entered an order sustaining the demurrer and permitting the plaintiff to file an amended complaint.

17 January 1968. The plaintiff filed a second amendment to the complaint.

9 September 1968. The defendant filed a second demurrer to the second amended complaint for failure to state a cause of action.

2 December 1968. Judge Thornburg entered an order sustaining the demurrer and permitting the plaintiff to file an amended complaint.

19 December 1968. The plaintiff filed a third amendment to the complaint, and this time restated the entire complaint.

14 January 1969. The defendant filed a third demurrer to the third amended complaint for failure to state a cause of action.

10 March 1969. Judge Beal entered an order sustaining the demurrer to the complaint as amended and allowing the plaintiff 30 days within which to file an amendment.

1 April 1969. The plaintiff filed a fourth amendment to the complaint.

29 April 1969. The defendant for the fourth time filed a demurrer to the complaint as amended the fourth time.

20 May 1969. Judge Thornburg entered an order sustaining the demurrer to the complaint for failure to state a cause of action. From this order an appeal was taken to this court.

*William H. Steed, Attorney for plaintiff-appellant.*

*Deal, Hutchins and Minor by Edwin T. Pullen, Attorneys for defendant-appellee.*

CAMPBELL, J.

[4] We are concerned solely with the complaint as finally amended which was before Judge Thornburg on 20 May 1969. This complaint does not contain "[a] plain and concise statement of facts constituting a cause of action, without unnecessary repetition." G.S. 1-122. To the contrary, this complaint presents a jumble of words, and we find it impossible to determine just exactly what cause of action the plaintiff is attempting to set out.

For instance, paragraph 12 of the amended complaint attempts to allege in substance that the 1953 Oldsmobile automobile in question was insured by defendant because:

A. It was an "owned automobile" within the meaning of the alleged policy; "and/or"

B. It was a "non-owned automobile" within the meaning of the alleged policy; "and/or"

C. It was an automobile which was to be substituted for the

automobile described in the alleged policy "and/or" a temporary substitute automobile "and/or"

D. An automobile designated in the alleged policy by explicit description as the motor vehicle with respect to which the coverage of the alleged policy was to be granted as required by law.

[1] "We do not look with favor upon the ambiguous and uncertain term 'and/or.'" *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337. The use of this ambiguous and uncertain term in the instant case compounds the confusion as to exactly on what basis the plaintiff desires to rest his cause of action.

[2-4] The pleadings must raise the precise issues which are to be submitted to the jury so that the court itself may not be left in a quandary as to the cause of action it is trying. Likewise the complaint should be worded so that the defendant will not be left in doubt as to how to answer and what defense, if any, to make. The plaintiff should do more than merely incorporate in his pleading allegations in the nature of legal conclusions. He should show that the loss sued for was covered by the contract of insurance, and ordinarily he should set out facts sufficient to enable the court to decide that his claim is included within the coverage of the policy or contract. *Brevard v. Insurance Co.,* 262 N.C. 458, 137 S.E. 2d 837.

In our opinion the ruling of Judge Thornburg should be sustained.

Affirmed.

PARKER and GRAHAM, JJ., concur.