STATE OF NORTH CAROLINA v. JAIRUS GENE EVANS

No. 7812SC1173

(Filed 15 April 1980)

**Criminal Law § 146— no appeal from order dismissing appeal**
> No appeal lies from an order of the trial court dismissing an appeal for failure to perfect it within apt time, the proper remedy to obtain review in such case being by petition for writ of certiorari.

APPEAL by defendant from *Herring, Judge.* Order entered 3 October 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 27 March 1979.

Upon defendant's convictions in Superior Court on charges of disorderly conduct and resisting arrest, judgments were entered on 28 June 1978 sentencing him to jail for consecutive terms of 15 and 60 days. On 29 June 1978 he gave notice of appeal, and the judge signed appeal entries allowing him 60 days to prepare and serve a proposed record on appeal. He failed to do so, and by motion dated 13 September 1978 and served on the defendant on the following day, the State moved to dismiss the appeal for defendant's failure to serve a record on appeal within the time allowed. After hearing on the motion, Judge Herring entered an order dated 3 October 1978 making findings of fact and conclusions of law, on the basis of which he dismissed the appeal. From this order, defendant now attempts to appeal.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Mathis and Assistant Attorney General Acie L. Ward for the State.*

*Blackwell, Thompson, Swaringen, Johnson & Thompson by E. Lynn Johnson for defendant.*

PARKER, Judge.

No appeal lies from an order of the trial court dismissing an appeal for failure to perfect it within apt time, the proper remedy to obtain review in such case being by petition for writ of certiorari. *Lightner v. Boone,* 221 N.C. 78, 19 S.E. 2d 144 (1942); *Chozen Confections, Inc. v. Johnson,* 220 N.C. 432, 17 S.E. 2d 505 (1941). Accordingly, this purported appeal is dismissed.

In order to afford defendant a review of the trial court's order which dismissed his appeal, we have elected to treat defendant's attempted appeal in this case as a petition for a writ of certiorari and have examined the merits of the contentions made. So treated, we find the petition without merit and the same is denied.

The record reveals the following: At trial and at the time of giving notice of appeal on 29 June 1978, defendant appeared *pro se*. After the trial he approached the court reporter and inquired about a transcript of his trial. She informed him that a deposit of $150.00 would be required. He did not make any deposit. Subsequently he employed counsel to perfect his appeal. On 13 September 1978, before the State's motion to dismiss was served, defendant's newly retained counsel requested a transcript from the court reporter and represented that they held monies in their trust account to cover the cost of preparing the transcript. At the hearing on the State's motion to dismiss, defendant's counsel relied on G.S. 15A-1448(a)(4) as that section had been originally enacted by Ch. 711, Sec. 1, of the 1977 Session Laws. As so enacted, the section read as follows:

> (4) For the purpose of computing time limitations for settling of the record on appeal, docketing the appeal, or other steps in the appellate process, the appeal is considered as "taken" on the date the jurisdiction of the trial court is divested under subsection (3), or the date a transcript is delivered to the clerk of court, whichever is later.

In his order allowing the State's motion to dismiss defendant's appeal, Judge Herring ruled that the above-quoted statute was unconstitutional because it conflicted with the North Carolina Rules of Appellate Procedure adopted by our Supreme Court as authorized by Art. IV, Sec. 13(2) of the Constitution of North Carolina, which grants to the Supreme Court "exclusive authority to make rules of procedure and practice for the Appellate Division."

Although we completely agree with the court's view that the statute was unconstitutional for the reason stated, the ruling was not necessary in the present case. In enacting the statute, the General Assembly provided that it was to become effective 1 July 1978. Ch. 711, Sec. 39, 1977 Session Laws. Before that date ar-

rived, the General Assembly enacted Ch. 1147 of the 1977 Session Laws at its Second Session held in 1978. By Sec. 29 of the Act, the above-quoted section of the statute, which Judge Herring found to be unconstitutional, was amended and completely rewritten. The amending statute became effective on 1 July 1978. Thus, the General Assembly itself eliminated the constitutionally offensive statute before its stated effective date. Because of the delay by the publisher in distributing the 1978 Interim Supplement to the General Statutes, neither Judge Herring nor the attorneys who appeared before him were aware that the statute, upon which defendant's counsel attempted to rely and which Judge Herring held to be unconstitutional, had already been repealed when the ruling was made.

Defendant neither served any proposed record on appeal within apt time nor applied for any extension of time within which to do so. Under Rule 25 of the North Carolina Rules of Appellate Procedure his appeal was properly dismissed.

His attempted appeal from the order dismissing his appeal is dismissed. Considered as a petition for a writ of certiorari, it is denied.

Appeal dismissed.

Petition for writ of certiorari denied.

Judges ERWIN and MARTIN (Harry C.) concur.