DAVID T. HAWKS, Plaintiff
v.
ALFRED RAY PATTON and wife, DONA M. PATTON and CLIFFORD M. HARRIS, Defendants
No. COA06-1275
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Rosbon D.B. Whedbee, for plaintiff-appellant.
Parrish, Smith & Ramsey, LLP, by Steven D. Smith, for defendants-appellees.
CALABRIA, Judge.
David T. Hawks ("plaintiff") appeals from an order granting defendants' motion to dismiss plaintiff's appeal pursuant to N.C. R. App. P. 25(a). We dismiss the appeal.
Plaintiff entered into a partnership agreement with Alfred Ray Patton, Dona M. Patton, and Clifford M. Harris (collectively, "defendants") in July 1989 to form County Lake Estates Associates ("CLE"). CLE owned real estate and operated a mobile home park in Holly Springs. On or about 30 December 1999, plaintiff entered into a written contract with the defendants to purchase the assets of the partnership for $1,395,500, and assume approximately $1,007,371 of the partnership's indebtedness. On 3 February 2003, plaintiff filed a complaint asserting an action for monetary damages for a sum in excess of $3,000,000 and punitive damages in excess of $10,000 for fraud, constructive fraud, coercion and duress and for equitable relief. Plaintiff's complaint was based on his allegation that prior to the written contract, the defendants had demanded that the plaintiff buy out their combined interests in the partnership, or they were going to "take over." Plaintiff further alleged that he believed that if the defendants took over management operations, the partnership would be "run into the ground," leaving the business worthless. Summary judgment was entered on 24 May 2004 in Forsyth County Superior Court. On 9 February 2005, plaintiff filed a notice of appeal.
On 5 April 2005, the trial court entered an order allowing plaintiff's ex parte motion for an enlargement of time to serve the proposed record on appeal and gave plaintiff until 15 April 2005 to do so. On 20 January 2006, defendants filed a motion to dismiss plaintiff's appeal alleging that plaintiff had failed to file the settled record in this Court within the time required by N.C. R. App. P. 12(a). On 24 April 2006, the trial court entered an order dismissing plaintiff's appeal with prejudice pursuant to N.C. R. App. P. 25(a) for failure to timely file the settled record. Plaintiff now appeals the trial court's 24 April 2006 order dismissing his appeal. Plaintiff asserts that the trial court lacked jurisdiction to enter the order dismissing his appeal. Specifically, plaintiff asserts that Judge Wood had no authority torule on the defendants' 20 January 2006 motion to dismiss because another superior court judge had not yet entered a written order dismissing plaintiff's appeal in response to defendants' earlier motion to dismiss on the grounds that the notice of appeal was untimely.
We need not address the merits of plaintiff's assignment of error because plaintiff's appeal is not properly before this Court. "No appeal lies from an order of the trial court dismissing an appeal for failure to perfect it within apt time, the proper remedy to obtain review in such case being by petition for writ of certiorari." State v. Evans, 46 N.C. App. 327, 327, 264 S.E.2d 766, 767 (1980) (citations omitted). Here, plaintiff appeals from an order dismissing his appeal for lack of timely filing of the settled record on appeal. Furthermore, plaintiff has not sought review of the dismissed appeal by writ of certiorari pursuant to N.C. R. App. P. 21(a). Accordingly, his appeal is hereby dismissed. In addition, defendants' motion to strike portions of the record on appeal filed by plaintiff is dismissed as moot.
Dismissed.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).