PROGRESS ENERGY CAROLINAS, INC., Plaintiff
v.
DONALD SULLIVAN and FARNELL SHINGLETON, Defendants.
No. COA07-287
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Jackson Wyatt Moore, Jr., for plaintiff-appellee.
Donald Sullivan, pro se.
CALABRIA, Judge.
Defendant Donald Sullivan ("Sullivan") appeals from the superior court's order dismissing his appeal. Because no right of appeal lies from the order at issue, we dismiss the appeal.
The record before this Court reflects that Progress Energy Carolinas, Inc. ("plaintiff") filed a complaint on 9 June 2005 alleging that Sullivan had threatened to remove a power pole located on his property. Defendant Farnell Shingleton (Shingleton) owns real property adjacent to Sullivan. Plaintiff sought declaratory and injunctive relief. The superior court entered anorder enjoining Sullivan from removing the power pole. Plaintiff moved the power pole to another landowner's property with that landowner's permission.
Plaintiff filed a motion for summary judgment as to Sullivan's counterclaims and the superior court granted the motion on 15 May 2006. Subsequently, plaintiff filed a dismissal without prejudice for the claims against both defendants. Sullivan filed a notice of appeal on 25 May 2006 from the summary judgment. Plaintiff moved to dismiss Sullivan's appeal on 19 October 2006 based on his failure to timely obtain a transcript and serve a proposed record under N.C.R. App. P. 7(b)(1) and 11(b), respectively. The superior court granted plaintiff's motion to dismiss on 27 November 2006. From the dismissal order, defendant appeals.
We must now consider whether the trial court's order dismissing defendant's appeal is properly before us for review. We conclude that it is not and dismiss the appeal.
"No appeal lies from an order of the trial court dismissing an appeal for failure to perfect it within apt time, the proper remedy to obtain review in such case being by petition for writ of certiorari." State v. Evans, 46 N.C. App. 327, 327, 264 S.E.2d 766, 767 (1980) (citations omitted). Here, defendant appeals from an order dismissing his appeal for failing to timely obtain a transcript and timely serve the record on appeal. He has not sought review of the summary judgment by writ of certiorari pursuant to N.C.R. App. P. 21(a). Defendant's appeal is hereby dismissed.
Dismissed.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).