IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-217

Filed: 5 January 2016

Wake County, No. 12-CVS-17050

E. BROOKS WILKINS FAMILY MEDICINE, P.A., Plaintiff,

v.

WAKEMED; WAKEMED D/B/A FALLS POINTE MEDICAL GROUP; INAM RASHID, MD; MICHELE CASEY, MD; MONICA OEI, MD; AND LESLIE ROBINSON, MD, Defendants.

Appeal by Plaintiff and cross-appeal by Defendants from orders entered 5 August 2015 by Judge Michael J. O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 9 September 2015.

> *John M. Kirby, for Plaintiff-Appellant.*
>
> *Smith Moore Leatherwood LLP, by Matthew Nis Leerberg and William R. Forstner, for Defendants-Appellees/Cross-Appellants WakeMed and WakeMed d/b/a/ Falls Pointe Medical Group; Robinson Bradshaw & Hinson, P.A., by Julian H. Wright, Jr. and Andrew A. Kasper, for Defendants-Appellees/Cross-Appellants Inam Rashid, MD; Michele Casey, MD; Monica Oei, MD; and Leslie Robinson, MD.*

INMAN, Judge.

E. Brooks Wilkins Family Medicine, P.A. ("Plaintiff") appeals from an order awarding attorneys' fees to Inam Rashid, MD, Michele Casey, MD, Monica Oei, MD, and Leslie Robinson, MD (collectively "Doctor Defendants") and an order awarding attorneys' fees to WakeMed and WakeMed d/b/a Falls Pointe Medical Group (collectively "WakeMed Defendants"). WakeMed Defendants and Doctor Defendants

(collectively "Defendants") cross-appeal from both orders awarding Defendants attorneys' fees. Plaintiff also appeals from the order affirming the dismissal of Plaintiff's appeal. After careful review, we dismiss Plaintiff's appeal as to all orders except the attorneys' fees orders and affirm the attorneys' fee orders.

## Factual & Procedural Background

Plaintiff is a family medical practice in Raleigh. In January 2010, Doctor Defendants resigned from their employment with Plaintiff and formed their own practice affiliated with WakeMed Defendants. In March 2012, Plaintiff brought an action against Defendants. In August 2012, the claim was subsequently dismissed without prejudice.[1]

On 7 December 2012, Plaintiff filed a second complaint, alleging all Defendants misappropriated trade secrets under N.C. Gen. Stat. § 66-152 *et seq.* and committed unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. Plaintiff also alleged that Doctor Defendants breached certain contracts. On 4 June 2013, pursuant to Defendants' motions to dismiss, the trial court dismissed Plaintiff's unfair and deceptive trade practice ("UDTP") claims with prejudice based upon the "learned profession" exception provided in the UDTP statute.

---

[1] The first complaint, which also included a named defendant who is not a party to the action from which this appeal arises, is not included in the record.

On 30 August 2013 and 4 September 2013, Defendants moved to compel discovery from Plaintiff, alleged discovery abuses by Plaintiff, and sought an order awarding costs and fees. On 4 November 2013, the trial court entered orders compelling Plaintiff to provide full and complete responses to Defendants' discovery requests and to provide requested documents before 27 December 2013. The orders warned Plaintiff that the court "reserve[d] the right to impose any sanctions allowed by Rule 37."

Plaintiff did not comply with the court orders to provide discovery. Two weeks after the court-ordered deadline, on 13 and 17 January 2014, Defendants again moved to compel discovery from Plaintiff, sought an order awarding costs and fees from Plaintiff, and moved for dismissal of the action as a sanction under Rule 37 of the North Carolina Rules of Civil Procedure. After the motions were filed, Plaintiff produced more than 6,000 pages of additional documents and admitted that most of the documents had been in Plaintiff's possession prior to the initial discovery response deadline in the spring of the previous year.

On 31 March 2014, during a hearing on Defendants' motions for sanctions, the trial court announced from the bench that, in the exercise of the court's discretion, the action would be dismissed as a sanction for Plaintiff's violation of the court's prior discovery orders. The trial court noted "example after example" of Plaintiff's violations of the prior discovery orders and found that Plaintiff's responses were

"evasive and incomplete and designed to obfuscate the defense of this lawsuit." The trial court instructed counsel for Defendants to prepare a detailed written order and to submit it to counsel for Plaintiff for his review before providing it to the trial court in electronic form.

On 25 April 2014, the trial court filed orders (one regarding claims against Doctor Defendants, the other regarding claims against WakeMed Defendants) (collectively, "the discovery sanction orders") containing extensive findings of fact, including that "Plaintiff's repeated failures to comply with this Court's discovery orders were intentional and intended to obstruct the defense of this case." The orders also noted that the trial court considered sanctions short of dismissing the action with prejudice "and determine[d] the sanctions imposed are reasonable, necessary, and justified in light of the particular facts and circumstances of this case." The trial court arranged for the discovery sanction orders to be served on the parties by the trial court coordinator in the Wake County Superior Court Judges' Office. Appended to the last page of each order was a certificate of service stating the following:

> I HEREBY CERTIFY that the foregoing document was served on the parties listed below by mailing and/or hand-delivering a copy thereof to each of said parties, addressed, postage prepaid as follows:
>
> H. Wood Vann [counsel for Plaintiff]
> 120 E. Parrish St., Ste. 200
> Durham, NC 27701
>     . . . .

This, the 25th day of April, 2014.

_____

Terri Stewart
Trial Court Coordinator
Wake County Superior Court Judges' Office

Thirty-three (33) days after entry and service of the discovery sanction orders, on 28 May 2014, Plaintiff filed and served a notice of appeal from various orders, including the discovery sanction orders.

On 16 June 2014, Defendants jointly moved to dismiss Plaintiff's appeal from the discovery sanction orders as untimely. Defendants also moved for attorneys' fees, expenses, and costs related to Plaintiff's discovery abuses and related to the defense against Plaintiff's UDTP claims. On 5 August 2014, the trial court entered orders ("the attorneys' fees orders") awarding Doctor Defendants $141,637.50 in attorneys' fees and WakeMed Defendants $63,784.00 in attorneys' fees from Plaintiff. The orders denied Defendants' requests for fees incurred in dismissing the UDTP claims. On that same day, the trial court also entered an order dismissing Plaintiff's appeal from the discovery sanction orders ("appeal dismissal order") on the ground that Plaintiff failed to timely file and serve notice of appeal from those orders, missing the deadline provided by Rule 3(c)(1) of the North Carolina Rules of Appellate Procedure.

On 21 August 2014, Plaintiff filed notice of appeal from the attorneys' fees orders and the appeal dismissal order. On 3 and 4 September 2014, Defendants filed

notices of cross-appeal from the attorneys' fees orders. On 26 February 2015, Defendants filed a joint motion to dismiss Plaintiff's appeal from all orders other than the attorneys' fees orders. On 9 March 2015, Plaintiff filed a petition for writ of certiorari to permit this Court to review various orders, including the discovery sanction orders and the appeal dismissal order.

## I. Joint Motion to Dismiss Appeals

Plaintiff appears to appeal from three categories of orders: (1) the discovery sanction orders, (2) the appeal dismissal order, and (3) the attorneys' fees orders. Defendants contend the parties' appeals from the attorneys' fees orders are the only matters properly before this Court. We agree, for reasons explained below.

## A. Appeal from the Discovery Sanction Orders

Plaintiff contends the trial court erred in dismissing its appeal from the discovery sanction orders. Plaintiff argues its 28 May 2014 notice of appeal was properly filed pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure after the trial court failed to comply with Rules 58 and 5 of the North Carolina Rules of Civil Procedure. Because Plaintiff's interpretation of these rules is flawed, and because Plaintiff had timely actual notice of the discovery sanction orders, we affirm the trial court's dismissal of Plaintiff's appeal from these orders.

Rule 3(c) of the North Carolina Rules of Appellate Procedure provides that a party in a civil action must file and serve a notice of appeal:

(1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure; or

(2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period[.]

N.C. R. App. P. 3(c)(1) & (2) (2013). Rule 58 of the North Carolina Rules of Civil Procedure, entitled "Entry of Judgment," provides in pertinent part:

[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. *Service and proof of service shall be in accordance with Rule 5.*

N.C. Gen. Stat. § 1A-1, Rule 58 (2013) (emphasis added).

Rule 5 of the North Carolina Rules of Civil Procedure, entitled "Service and filing of pleadings and other papers[,]" consistently refers to the service of papers, including orders, in the passive voice—"service shall be made," "may be made in a manner," "shall be served" are the verb forms in this Rule—and does not specify who is authorized or required to serve an order. N.C. Gen. Stat. § 1A-1, Rule 5 (2013).

Plaintiff contends 25 April 2014, the date the discovery sanction orders were entered, did not commence the thirty-day appeal period as required by Rule 3 because (1) the orders were not properly served pursuant to Rule 58 and (2) the orders did not contain proper certificates of service pursuant to Rule 5. As explained below, we hold

that the trial court has the inherent authority to serve its own orders and that any errors in the certificates of service were obviated by timely actual notice to Plaintiff of the discovery sanction orders.

Plaintiff contends that the trial court's office did not properly serve the discovery sanction orders as required by the language of Rule 58, so that service on 25 April 2014 did not trigger the Rule 3(c)(1) deadline for Plaintiff to appeal. Plaintiff argues that because the trial court coordinator is not a "party" to the action, was not the "party" designated by the judge, and was not the "party" who prepared the judgment, the trial court coordinator's service of the discovery sanctions orders was ineffective to trigger the thirty-day deadline provided in Rule 3(c)(1), which refers to Rule 58, and instead required Plaintiff to meet the later deadline provided in Rule 3(c)(2).

We reject Plaintiff's argument that service of an order by the court does not comply with Rule 58 because the trial court is not a "party," *i.e.*, not one of the named parties to the action. While we acknowledge that the word "party" is used in several of the North Carolina Rules of Civil Procedure to refer to litigants, we do not believe that the General Assembly intended to deprive trial courts of the inherent authority to serve their own orders. Such an interpretation would make no common sense and would violate our state constitution.

"[T]he order is the responsibility of the trial court, no matter who physically prepares the draft of the order." *In re A.B.*, ___ N.C. App. ___, ___, 768 S.E.2d 573, 579 (2015). The fair administration of justice requires that trial courts have the authority to take responsibility not only for signing orders, but also for filing and serving orders. While counsel, on behalf of parties, often serve orders that have been signed and filed by the trial court, trial courts routinely sign, file, and serve orders directly upon all parties. Service by the trial court, usually through a trial court coordinator or other court staff, bypasses the need to coordinate with counsel, expedites service, and usually avoids doubt and dispute regarding entry of orders and service upon all parties.

The North Carolina Constitution provides in pertinent part: "The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction that rightfully pertains to it as a co-ordinate department of the government[.]" N.C. Const. art. IV, § 1. Our Supreme Court has explained:

> The inherent power of the Court has not been limited by our constitution. To the contrary, the constitution protects such power. . . . Our courts have repeatedly made reference to and affirmed the existence and exercise of inherent judicial power. . . . Inherent power is that which the court necessarily possesses irrespective of constitutional provisions. Such power may not be abridged by the legislature. Inherent power is essential to the existence of the court and the orderly and efficient exercise of the administration of justice. Through its inherent power the court has authority to do all things that are reasonably necessary for the proper administration of justice.

*Beard v. N.C. State Bar*, 320 N.C. 126, 129, 357 S.E.2d 694, 695-96 (1987) (citations omitted).  Therefore, because Plaintiff's interpretation of the word "party" in Rule 58 would violate the separation of powers required by our state constitution, "[w]e cannot attribute to the language used the force and effect urged by [Plaintiff].  Instead, we must construe it in such a manner as to bring it within the legislative authority of the General Assembly and make it consistent with the validity of the statute in which it is used." *Rhodes v. Asheville*, 230 N.C. 759, 759, 53 S.E.2d 313, 313 (1949).

Plaintiff also contends service of the discovery sanction orders was invalid pursuant to Rule 5 of the Rules of Civil Procedure because the certificates of service did not specify the date on which the documents were served and did not specify the means of service.  Plaintiff argues that defects in the certificates of service tolled the time for filing an appeal such that its appeal was timely.

Each certificate of service is dated 25 April 2014, and thus sufficiently shows the date of service.[2]  The certificates state that the document was served "by mailing and/or hand delivering" a copy to counsel for Plaintiff.  The use of "and/or" in judicial proceedings is disfavored.  *See Gordon v. State Farm Mut. Auto. Ins. Co.*, 6 N.C. App.

---

[2] The trial court found that the discovery sanction orders were served on 25 April, the same day they were entered.  The trial court is in the best position to weigh all the evidence and its findings "'are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary.'" *In re Bass*, 366 N.C. 464, 467, 738 S.E.2d 173, 175 (2013) (quoting *Knutton v. Cofield*, 273 N.C. 355, 359, 160 S.E.2d 29, 33 (1968)).

185, 188, 169 S.E.2d 514, 516 (1969) ("We do not look with favor upon the ambiguous and uncertain term 'and/or.'"(citation and internal quotation marks omitted)). We need not address this issue, however, because Plaintiff had actual notice of the discovery sanction orders within the time period required by Rule 3(c)(1).

This Court has held a litigant's actual notice of a final order within three days of its entry triggers Rule 3(c) and notice of appeal must be filed within thirty days of the date of entry. *See Magazian v. Creagh*, __ N.C. App. __, __, 759 S.E.2d 130, 131 (2014) ("[W]hen a party receives actual notice that a judgment has been entered, the service requirements of Rule 3(c) are not applicable, and actual notice substitutes for proper service."); *see also Manone v. Coffee*, 217 N.C. App. 619, 623, 720 S.E.2d 781, 784 (2011) (explaining that when a party receives actual notice "the party has been given fair notice . . . that judgment has been entered"), *see also Huebner v. Triangle Research Collaborative*, 193 N.C. App. 420, 425, 667 S.E.2d 309, 312 (2008) (holding that this Court "do[es] not believe the purposes of Rule 58 are served by allowing a party with actual notice to file a notice of appeal and allege timeliness based on lack of proper service"). So, even if service of the discovery sanction orders was improper for any of the reasons asserted by Plaintiff, if Plaintiff had actual notice of the orders within three days of their entry, but waited more than thirty days (from the date the orders were entered) before filing the notice of appeal, its notice would be untimely.

Here, Plaintiff presented no evidence that might have supported a finding that it did not receive actual notice within the time period designated by Rule 3(c)(1). Rule 6(a) of the Rules of Civil Procedure provides in pertinent part: "When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation." N.C. Gen. Stat. § 1A–1, Rule 6(a) (2013); *see Magazian*, __ N.C. App. at __, 759 S.E.2d at 131 (As with formal notice, "[t]he three day period [for receiving actual notice of an order] excludes weekends and court holidays."). Because the discovery sanction orders were entered on 25 April 2014, a Friday, the three day deadline under Rule 3(c) and Rule 58 for service of the orders was Wednesday, 30 April 2014. Although Plaintiff's counsel submitted an affidavit to the trial court stating that he did not receive delivery of the orders "until after April 27," a Sunday, he did not deny receiving delivery on 28 April, 29 April, or 30 April—all days within the deadline for service as calculated by Rule 6(a) and within the scope of Rule 3(c)(1). As long as Plaintiff received actual notice of the discovery sanction orders on 28 April, 29 April, or 30 April—a fact not disputed by any evidence—it had thirty days from 25 April to file notice of appeal. Since April has thirty days, Plaintiff's deadline to file an appeal initially fell on 25 May. However, 25 May was a Sunday, and Monday, 26 May was a federal holiday on which the court was closed. Thus, Plaintiff's deadline to file the notice of appeal was extended to the next business day, 27 May. *See* N.C. R. App. P. 27(a) (in computing a period of time

allowed by the Rules of Appellate Procedure, when the last day of the period is a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.").

The untimely nature of Plaintiff's notice of appeal from the discovery sanction orders deprives this Court of jurisdiction over the appeal. *See Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (citation omitted) ("The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal."); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) ("[I]n the absence of jurisdiction, the appellate courts lack authority to consider whether the circumstances of a purported appeal justify application of [N.C. R. App. P.] 2."). Therefore, we dismiss Plaintiff's appeal from the discovery sanctions orders.

Plaintiff asks this Court to issue a writ of certiorari in the event it concludes the 28 May 2014 notice of appeal was untimely, in order to address the issues raised in the notice of appeal. "A petition for the writ must show merit or that error was probably committed below. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citations omitted). It appears the trial court properly sanctioned Plaintiff for failure to comply with discovery, having considered lesser sanctions and finding them to be inappropriate in this case. In our discretion, we deny Plaintiff's petition.

**B. Appeal from Appeal Dismissal Order**

Plaintiff appeals from the 5 August appeal dismissal order. Defendants contend Plaintiff's purported appeal from the dismissal order is procedurally barred. Plaintiff argues a party can appeal as of right a lower court's dismissal of an appeal, as demonstrated by decisions of this Court reversing trial court orders dismissing appeals.

There is a split in this Court's decisions regarding the method of seeking appellate review of a trial court's dismissal of an appeal. Defendants rely on *State v. Evans*, 46 N.C. App. 327, 327, 264 S.E.2d 766, 767 (1980) (holding that "[n]o appeal lies from an order of the trial court dismissing an appeal for failure to perfect it within apt time, the proper remedy to obtain review in such case being by petition for writ of certiorari[]") and *High Point Bank and Trust Co. v. Fowler*, __ N.C. App. __, __, 770 S.E.2d 384, 386-87 (2015) (dismissing an appeal from a trial court's order of dismissal entered on the ground that the appellants failed to give timely notice of appeal).

Plaintiff relies upon *Lawrence v. Sullivan*, 192 N.C. App. 608, 614-20, 666 S.E.2d 175, 178-81 (2008), a case in which this Court reversed a trial court's order dismissing an appeal for alleged violations of Rules 7 and 11 of the North Carolina Rules of Appellate Procedure. This Court noted that "[a] motion to dismiss an appeal is a matter within the discretion of the trial court," thus limiting the review to whether "there was a clear abuse of discretion," but the Court ultimately held that

the trial court had abused its discretion in dismissing the appeal, and it reached the substantive merits of the case. *Id.* at 614-15, 620, 666 S.E.2d at 179, 181. Plaintiff also relies upon *Cobb v. Rocky Mount Bd. of Educ.*, 102 N.C. App. 681, 403 S.E.2d 538 (1991), in which this Court reversed an order entered by the trial court dismissing an appeal, concluding that the trial court's order was erroneous. Rather than reaching the merits, this Court remanded the matter to the trial court to settle the record properly and to certify the appeal as taken on the date of the mandate of this Court's decision. *Id.* at 685, 403 S.E.2d at 541.

When prior decisions of this Court conflict, the earlier of those decisions is controlling precedent. *See, e.g., In re R.T.W.*, 359 N.C. 539, 542 n.3, 614 S.E.2d 489, 491 n.3 (2005). The line of cases supporting Defendants' argument predate the decisions relied on by Plaintiff. Thus, we conclude that no appeal lies in this Court from the appeal dismissal order. As we do not have jurisdiction, we dismiss Plaintiff's appeal as to the appeal dismissal order.

Plaintiff petitions this Court, if it finds it necessary, to issue a writ of certiorari to review the appeal dismissal order. Even assuming *arguendo* that a writ of certiorari would confer jurisdiction on this Court and we were to grant it, as we already discussed, the trial court properly dismissed Plaintiff's appeal from the discovery sanction orders as being untimely. Therefore, we deny the petition for writ of certiorari as to this issue.

## II. Appeals from Attorneys' Fees Orders

## A. Plaintiff's Appeal

Plaintiff contends the trial court erred in the amount of attorneys' fees awarded to Defendants as sanctions under Rule 37 of the North Carolina Rules of Civil Procedure. [3] Specifically, Plaintiff argues a portion of the costs and expenses awarded to Doctor Defendants is not attributable to Plaintiff's discovery violations. Plaintiff also claims because counsel for WakeMed Defendants did not submit billing records, it was not possible for the trial court to determine the fees attributable to discovery violations.

"A trial court's award of sanctions under Rule 37 will not be overturned on appeal absent an abuse of discretion." *Graham v. Rogers*, 121 N.C. App. 460, 465, 466 S.E.2d 290, 294 (1996). "An abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision. " *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 667-68, 554 S.E.2d 356, 363 (2001) (citation and internal quotation marks omitted).

Rule 37(a)(4) of the Rules of Civil Procedure provides that, upon a successful motion for an order compelling discovery, the trial court shall award the moving party "the reasonable expenses incurred in obtaining the order, including attorney's fees,

---

[3] Plaintiff also argues the discovery sanction orders contained erroneous findings and thus, the trial court erred in using these orders to support an award of attorneys' fees. However, as we lack jurisdiction to review the discovery sanction orders, we dismiss that portion of the appeal, and accordingly, will not address this argument.

unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." N.C. Gen. Stat. § 1A-1, Rule 37(a)(4) (2013). Moreover, Rule 37(b)(2) provides that if a party fails to obey a discovery order, "the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2013).

In each of the attorneys' fees orders, the trial court found that the fees awarded were "attributable to the [Defendants'] efforts related to Plaintiff's deficient discovery and not for other aspects of the defense of this action[.]" The respective orders specified that the trial court considered the affidavit of Julian H. Wright, Jr. in its award to Doctor Defendants and the affidavits of William R. Forstner and Jeanne M. Foley in its award to WakeMed Defendants.

Julian Wright, attorney for Doctor Defendants, submitted billing records to the trial court showing attorney and staff time expended on the disputed discovery issues. In his affidavit, Wright explained the "entries . . . are only for time devoted to work that dealt with getting, understanding, reviewing, analyzing, and eventually filing motions under Rule 37 about Plaintiff's deficient discovery responses and document productions." Although WakeMed Defendants' counsel did not submit billing records, William R. Forstner, attorney for WakeMed Defendants, stated in his affidavit that

"the fees attributable to issues surrounding Plaintiff's evasive, incomplete, and duplicative discovery responses represent at least 328 billable hours," and that in calculating the hours "our firm excluded entries unrelated to Plaintiff's discovery deficiencies, including any ambiguous entries." Finally, Jeanne M. Foley, a paralegal for the law firm representing Defendant WakeMed, submitted an affidavit stating:

> I have never worked on a litigation case in which the document production and overall discovery responses were so fractured and complicated. I encountered numerous and repeated deficiencies with Plaintiff's production too numerous to recount in this Affidavit. . . . The time and expense were significantly increased by Plaintiff's approach to discovery and document production.

These three affidavits support the trial court's factual findings that the fees awarded to Defendants were attributable to Plaintiff's discovery violations. *See Long v. Joyner*, 155 N.C. App. 129, 137, 574 S.E.2d 171, 177 (2002) (affirming the award of attorneys' fees when the amount of fees corresponded with the charges identified by attorney in an affidavit).

Plaintiff contends the trial court erred in its "blanket award" of all fees requested from alleged discovery violations, without providing any analysis of the basis of the award. "Rule 37(a)(4) requires the award of expenses to be reasonable, [and] the record must contain findings of fact to support the award of any expenses, including attorney's fees." *Benfield v. Benfield*, 89 N.C. App. 415, 422, 366 S.E.2d 500, 504 (1988).

In the attorneys' fees orders, the trial court made findings of fact, supported by record evidence, regarding the reasonableness of the fees. The trial court found the following:

> [T]he time and labor expended, and expenses incurred, addressing Plaintiff's deficient discovery and the necessary interventions of this [c]ourt were reasonable and necessary for the defense of the case. . . . This conclusion is based, in part, upon the many hours of time spent by the [c]ourt attempting to review and evaluate Plaintiff's discovery responses during the [c]ourt's consideration of the [Doctor Defendants' Motion to Compel and the Defendants' Motions for Sanctions].

Based on the record evidence and the trial court's findings, the trial court acted well within its discretion in determining reasonable attorneys' fees to be awarded against Plaintiff and in favor of Defendants. We therefore affirm the attorneys' fees orders as related to the discovery sanctions.

## B. Defendants' Cross-Appeal

Defendants assert that the trial court committed reversible error by failing to review Defendants' motions for attorneys' fees incurred in obtaining dismissal of the UDTP claim according to the legal standard provided in the UDTP statute. We hold that when the trial court in its discretion denies a motion for attorneys' fees, it need not make statutory findings required to support a fee award.

"Questions regarding statutory interpretation are reviewed *de novo* under an error of law standard." *Price & Price Mech. of N.C., Inc. v. Miken Corp.,* 191 N.C.

App. 177, 179, 661 S.E.2d 775, 777 (2008). However, once the trial court applies the proper legal standard, "[t]he decision whether or not to award attorney fees . . . rests within the sole discretion of the trial judge." *Printing Servs. of Greensboro, Inc. v. Am. Capital Group, Inc.,* 180 N.C. App. 70, 81, 637 S.E.2d 230, 236 (2006), *aff'd,* 361 N.C. 347, 643 S.E.2d 586, 586-87 (2007) (citations omitted). "The judge's decision to deny attorney fees under the [judge's discretion] is limited only by the abuse of discretion rule[,]" *Varnell v. Henry M. Milgrom, Inc.,* 78 N.C. App. 451, 457, 337 S.E.2d 616, 620 (1985) (citations omitted), and a trial court may be reversed "only upon a showing that its actions are manifestly unsupported by reason." *Castle McCulloch, Inc. v. Freedman,* 169 N.C. App. 497, 504, 610 S.E.2d 416, 422 (citation omitted*), aff'd per curiam,* 360 N.C. 57, 620 S.E.2d 674 (2005).

N.C. Gen. Stat. § 75-16.1 provides in pertinent part:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
>
> . . .
>
> (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C. Gen. Stat. § 75-16.1 (2013). In the attorneys' fees orders, with respect to the

UDTP claim, the trial court found:

> The [c]ourt exercises its discretion and declines to award the [Defendants] their attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1. The [c]ourt finds that a claim dismissed pursuant to Rule 12(b)(6) is not necessarily frivolous or malicious under § 75-16.1. The [c]ourt further finds that Plaintiff's pleading of the UDTP claim did not inhibit the [c]ourt's consideration of the merits of this action.

Defendants assert that neither conclusion of the trial court addresses the legal

standard required by N.C. Gen. Stat. § 75-16.1(2) to support either an award or a

denial of attorneys' fees regarding the UDTP claims.

We are aware of no prior appellate decision in this state expressly addressing

the issue of whether a trial court that denies a motion to award attorneys' fees is

required to apply the factual analysis specified in N.C. Gen. Stat. § 75-16.1. Based

on the language of the statute, we hold that the trial court is not required to make

such findings in any order declining to award attorneys' fees.

The provision that the trial court may award attorneys' fees "upon a finding by

the presiding judge that . . . [t]he party instituting the action knew, or should have

known, the action was frivolous and malicious[,]" reflects an intent by the legislature

that any award of attorneys' fees must be justified by certain factual criteria.

However, the structure of the provision suggests that the legislature requires no such

findings by the trial court in denying fees. The distinction between orders awarding

and denying fees makes sense, because if the trial court in its discretion is disinclined to award fees, the analysis of factors necessary to support a fee award is obviated. Requiring a trial court to engage in such an exercise to support an order denying attorneys' fees would be like requiring a civil jury which found no negligence to include in its verdict the amount of damage proximately caused by negligence.

This Court's decision in *Varnell v. Henry M. Milgrom, Inc.*, 78 N.C. App. 451, 337 S.E.2d 616, while not directly on point, is instructive. Reviewing an appeal from a trial court order denying a motion for attorneys' fees which included no findings, this Court in *Varnell* held that the trial judge's decision to deny attorneys' fees "is limited only by the abuse of discretion rule," and in quoting the statute, deemed it unnecessary to include findings required to support an award of fees. 78 N.C. App. at 457, 337 S.E.2d at 620.

This case is different from *Varnell* only because the trial court, in denying the motion for attorneys' fees, entered findings that do not track statutory language providing for awarding fees. The findings may shed light on how the trial court made its decision, but they were neither required nor prohibited by the statute. Only if the findings reflected that the decision was manifestly unsupported by reason would the trial court's order be reversed. The trial court's findings (1) that a claim subject to dismissal on the face of the complaint is not necessarily frivolous and (2) that the claim did not impede the trial court's handling of the action are, in our view,

reasonable.  In effect, the trial court explained why it declined to award fees because the claim was *not* necessarily frivolous or malicious.

All of the case authorities relied upon by Defendants involved appeals from orders allowing fees and set forth an analysis which makes the award of fees – not an order denying fees – contingent upon statutory findings.  *See Birmingham v. H & H Home Consultants & Designs, Inc.*, 189 N.C. App. 435, 442-44, 658 S.E.2d 513, 518-19 (2008) (reversing and remanding order granting motion for attorneys' fees under N.C. Gen. Stat. § 75-16.1 because trial court misapplied the standard for assessing whether action was "frivolous and malicious"); *see also McKinnon v. CV Indus., Inc.*, __ N.C. App. __, __, 745 S.E.2d 343, 351 (2013) (remanding award of attorneys' fees to the trial court to "make an ultimate finding as to whether plaintiff knew or should have known that the assertion . . . of his Chapter 75 claim was frivolous and malicious.").

We hold that the trial court here satisfied its duty under the statute by first, recognizing that it had to exercise its discretion, and second, by stating that in its discretion it would decline to award the requested fees.  The findings that followed suggest that the trial court had no need to engage in the analysis required to award fees and that the litigation was not, in the view of the trial court, inhibited by the UDTP claims.  Even assuming *arguendo* that the findings have any legal significance,

they do not apply the wrong legal standard, because the statute does not articulate a standard for *denying* attorneys' fees.

## Conclusion

We dismiss Plaintiff's appeal as to all orders except the attorneys' fees orders. We deny Plaintiff's petition for writ of certiorari. We affirm the attorneys' fee orders.


DISMISSED IN PART; AFFIRMED IN PART.

Judges CALABRIA and STROUD concur.