DILLON, Judge.
 

 *281
 
 I. Background
 

 In February 2015, Todd Robert Mahaffey filed a complaint alleging that Christopher C. Boyd (the "Executor"), the executor for the estate of Dorothy C. Boyd, owed him payment for renovations Mr. Mahaffey made to Ms. Boyd's home.
 

 *199
 
 The record shows as follows:
 

 Ms. Boyd died in July 2014. However, in the years before she died, she engaged Mr. Mahaffey to perform work on her home and yard. Mr. Mahaffey continued to perform work on the property at Ms. Boyd's direction, and after Ms. Boyd's death, at the direction of the Executor.
 

 In September 2014, two months after Ms. Boyd's death, Mr. Mahaffey delivered documents to the Executor's law firm consisting of receipts,
 
 *282
 
 bills, and time sheets relating to projects he completed at Ms. Boyd's property. Shortly thereafter, an employee at the law firm asked Mr. Mahaffey to provide clearer documentation of the work he had completed and any payments which had already been made.
 

 In a letter dated 19 November 2014, the Executor informed Mr. Mahaffey that, based on his lack of response to the law firm's request, he was denying Mr. Mahaffey's claim in accordance with N.C. Gen. Stat. § 28A-19-16, which requires that a claim against a decedent's estate be "in writing and state the amount or item claimed[.]" N.C. Gen. Stat. § 28A-19-1 (2013).
 

 Three months later, in February 2015, Mr. Mahaffey commenced this action. In April 2015, the Executor answered the complaint and served requests for admissions, to which Mr. Mahaffey failed to respond in a timely fashion.
 

 In May 2015, the Executor moved for summary judgment, contending that Mr. Mahaffey (1) failed to comply with the requirements of N.C. Gen. Stat. § 28A-19-1 in order to preserve his claim against Ms. Boyd's estate, and (2) performed illegal contracting services because he was not a licensed contractor
 
 [1]
 
 and undertook a project for which the cost of improvement was greater than $30,000.
 
 [2]
 

 In June 2015, after a hearing on the matter, the trial court entered an order granting the Executor's summary judgment motion, based in part on Mr. Mahaffey's failure to respond to the requests for admissions. Mr. Mahaffey timely appealed from the order (the "Summary Judgment Order"); however, he failed to take steps to properly perfect the appeal.
 

 Three months later, in September 2015, the Executor filed a motion to dismiss the appeal. In October 2015, after a hearing, the trial court entered an order dismissing Mr. Mahaffey's appeal of the Summary
 
 *283
 
 Judgment Order, concluding that Mr. Mahaffey had failed to comply with "the deadlines for presenting the appeal for decision under the North Carolina Rules of Appellate Procedure."
 

 About a year later, on 9 September 2016, Mr. Mahaffey filed a motion titled "Rule 59 Motion for New Trial; Amend Judgment" (the "Rule 59 Motion"). In his Rule 59 Motion, Mr. Mahaffey requested that the trial court reverse its October 2015 order dismissing his appeal of the Summary Judgment Order. In October 2016, the trial court entered an order denying Mr. Mahaffey's Rule 59 Motion (the "Rule 59 Order"). Mr. Mahaffey timely appealed from the Rule 59 Order.
 

 II. Analysis
 

 This matter involves three orders: (1) the Summary Judgment Order entered June 2015; (2) the order entered in October 2015 dismissing Mr. Mahaffey's appeal of the Summary Judgment Order; and (3) the Rule 59 Order.
 

 In his brief on appeal, Mr. Mahaffey seeks review of two of these orders: the Summary Judgment Order and the Rule 59 Order.
 

 *200
 
 However, he failed to properly perfect his appeal of the Summary Judgment Order. Our review is therefore limited to consideration of the Rule 59 Order.
 
 See
 

 Davis v. Davis
 
 ,
 
 360 N.C. 518
 
 , 526,
 
 631 S.E.2d 114
 
 , 120 (2006) ("Appellate review of a denial of a Rule 59 motion for a new trial is distinct from review of the underlying judgment or order upon which such a motion may be based."). And after careful review, we affirm the trial court's Rule 59 Order.
 

 A trial court's ruling on a motion for new trial under Rule 59 is reviewed for abuse of discretion:
 

 It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge.
 

 Davis
 
 ,
 
 360 N.C. at 523
 
 ,
 
 631 S.E.2d at 118
 
 .
 

 A motion for a new trial under Rule 59 must be served "not later than 10 days after entry of the judgment." N.C. R. Civ. P. 59(b). Here, Mr. Mahaffey exceeded the time permitted for serving and filing a Rule 59 Motion by approximately nine months.
 
 See
 
 id.
 

 Therefore, we hold that the trial court did not abuse its discretion in denying Mr. Mahaffey's motion.
 

 *284
 
 We further hold, in the alternative, that Mr. Mahaffey's Rule 59 Motion was not an appropriate method of challenging the trial court's order dismissing his appeal from the Summary Judgment Order. Our Court has concluded that a " Rule 59(a) motion is not a proper ground for relief from an entry of summary judgment."
 
 Bodie Island Beach Club Ass'n v. Wray
 
 ,
 
 215 N.C. App. 283
 
 , 294-95,
 
 716 S.E.2d 67
 
 , 77 (2011) (holding that "[b]ecause both Rule 59(a)(8) and (9) are
 
 post-trial
 
 motions and because the instant case concluded at the summary judgment stage, the court did
 
 not
 
 err by concluding that it [would be improper] to set aside default against [the] Defendant [ ] and vacate the summary judgment pursuant to Rule 59(a)(8) and (9)" (emphasis added) );
 
 see also
 

 Tetra Tech Tesoro, Inc. v. JAAAT Tech. Servs., LLC
 
 , --- N.C. App. ----, ----,
 
 794 S.E.2d 535
 
 , 538 (2016) ("All of the enumerated grounds in Rule 59(a), and the concluding text addressing 'an action tried without a jury,' indicate that this rule applies only after a trial on the merits or, at a minimum, a judgment ending a case on the merits.' ").
 
 [3]
 
 Because the order dismissing the appeal was based on Mr. Mahaffey's failure to perfect his appeal from the Summary Judgment Order within the proper time period-a procedural matter-it could not possibly be considered a judgment ending the case on its merits.
 
 See
 
 id.
 

 Accordingly, we conclude that a Rule 59 motion was an inappropriate method of challenging the trial court's order dismissing Mr. Mahaffey's appeal in this case. In order to properly appeal the order dismissing his appeal, Mr. Mahaffey should have filed a petition for writ of
 
 certiorari
 
 with our Court.
 
 See
 

 State v. Evans
 
 ,
 
 46 N.C. App. 327
 
 , 327,
 
 264 S.E.2d 766
 
 , 767 (1980). Recently, in
 
 E. Brooks Wilkins Family Medicine, P.A. v. WakeMed
 
 ,
 
 244 N.C. App. 567
 
 ,
 
 784 S.E.2d 178
 
 (2016), our Court concluded that it has no jurisdiction to review an order dismissing an appeal, and thus there is no right of appeal from such an order.
 
 E. Brooks Wilkins Family Medicine
 
 ,
 
 244 N.C. App. at 576-77
 
 ,
 
 784 S.E.2d at 185
 
 . The proper remedy to obtain review of an order of the trial court dismissing an appeal for failure to perfect it within the appropriate time period is
 
 *285
 
 "by petition
 
 *201
 
 for writ of
 
 certiorari
 
 [.]"
 
 Evans
 
 ,
 
 46 N.C. App. at 327
 
 ,
 
 264 S.E.2d at 767
 
 (emphasis added).
 

 In light of the foregoing, we are unable to conclude that the trial court abused its discretion in denying Mr. Mahaffey's Rule 59 Motion. We therefore affirm the ruling of the trial court.
 

 AFFIRMED.
 

 Judges BRYANT and DIETZ concur.
 

 [1]
 

 Section 87-1 of our General Statutes provides that a person who undertakes "the construction of any building ... or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more, ... shall be deemed to be a 'general contractor' engaged in the business of general contracting in the State of North Carolina."
 
 N.C. Gen. Stat. § 87-1
 
 (2015). A person acting as a general contractor in North Carolina must be authorized and licensed by the State.
 
 N.C. Gen. Stat. § 87-13
 
 .
 

 [2]
 

 In his complaint, Mr. Mahaffey contended that Ms. Boyd requested that he undertake nine consecutive, separate projects on her property, none of which cost more than $30,000. We acknowledge that there certainly existed a material issue of fact as to whether Mr. Mahaffey completed one large project totaling $53,740 or nine separate projects which did not exceed $30,000 per project.
 

 [3]
 

 Between our decisions in
 
 Bodie Island
 
 and
 
 Tetra Tech
 
 , a different panel of our Court held that a trial court erred in denying a party's Rule 59 motion to amend a partial summary judgment order, thus sanctioning the use of a motion under Rule 59 to challenge a summary judgment order.
 
 See
 

 Rutherford Plantation, LLC v. Challenge Golf Grp. of Carolinas, LLC
 
 ,
 
 225 N.C. App. 79
 
 ,
 
 737 S.E.2d 409
 
 (2013). On this point,
 
 Rutherford
 
 is clearly in direct conflict with
 
 Bodie Island
 
 and
 
 Tetra Tech
 
 . However, although
 
 Rutherford
 
 was affirmed
 
 per curiam
 
 by our Supreme Court, it was affirmed "without precedential value," with three Justices voting to affirm and three voting to reverse.
 
 See
 

 Rutherford Plantation, LLC v. Golf Grp. of the Carolinas, LLC
 
 ,
 
 367 N.C. 197
 
 ,
 
 753 S.E.2d 152
 
 (2014). We conclude that the present case is controlled by
 
 Bodie Island
 
 and
 
 Tetra Tech
 
 on this issue.