Justice v. Mission Hosp., Inc., 2019 NCBC 52.

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

RANDY JUSTICE, Individually and on
behalf of all persons similarly situated;
CATHY JUSTICE, Individually and on
behalf of all persons similarly situated;
and CATHY JUSTICE, Guardian ad
Litem for the minor child JULYETTE
WILKERSON,

Plaintiffs,

v.

MISSION HOSPITAL, INC. d/b/a
"MISSION HOSPITALS" or "MISSION
HOSPITAL"; NATIONAL GENERAL
INSURANCE COMPANY; and
REVCLAIMS, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 1755

**ORDER AND OPINION ON
DEFENDANTS' MOTION TO
DISMISS SECOND APPEAL**

1.     THIS MATTER is before the Court on Defendants' Motion to Dismiss Second Appeal, filed July 15, 2019 ("Motion").  For reasons discussed below, the Motion is GRANTED and Plaintiff's Second Appeal is DISMISSED.

*Long, Parker, Payne, Anderson & McClellan P.A., by Robert B. Long, Jr., for Plaintiffs.*

*Jones Walker LLP, by Joseph L.  Adams, for Defendant RevClaims, LLC.*

*Robinson, Bradshaw & Hinson P.A., by Robert W. Fuller and Mark A. Hiller, and Roberts & Stevens P.A., by Phillip T. Jackson and Eric P. Edgerton, for Defendant Mission Hospital, Inc.*

*Shumaker, Loop & Kendrick LLP, by Christian H. Staples, J. Bennett Crites, III, and Laura Johnson Evans, for Defendant RevClaims, LLC.*

*Young Moore & Henderson P.A., by Glenn C. Raynor, Walter E. Brock, Jr., and Angela Farag Craddock, for Defendant National General Insurance Company.*

Gale, Judge.

2.    On March 27, 2019, this Court dismissed Plaintiffs' Complaint. (Order & Opinion Mots. Dismiss, ECF No. 54.) On April 10, 2019, Plaintiffs filed a timely Notice of Appeal seeking a review of the Court's March 27 Order ("First Appeal"). (Pls.' Notice Appeal Final J., ECF No. 56.) On June 5, 2019, this Court granted Defendants' Motion to Dismiss Plaintiffs' First Appeal because the Notice of Appeal was addressed to the North Carolina Court of Appeals rather than the North Carolina Supreme Court and was, therefore, jurisdictionally defective. (Order & Opinion Mot. Dismiss Appeal & Mot. Leave File Am. Notice Appeal, ECF No. 69.) On July 3, 2019, Plaintiffs timely filed their Notice of Appeal seeking review of the Court's June 5 Order ("Second Appeal"). (Pls.' Notice Appeal, ECF No. 70.) The Motion seeks to dismiss the Second Appeal.

3.    The Motion has been fully briefed. The Court elects to decide the Motion on the record and briefs without oral argument. *See* BCR 7.4.

4.    Plaintiffs oppose the Motion based on their argument that a trial court has no authority under N.C. Rule of Appellate Procedure 25 ("App. Rule 25") to dismiss a second appeal that seeks appellate review of its earlier order dismissing a first appeal. The Court concludes that it has the authority under Rule 25 and that it must dismiss the Second Appeal.

5.      In *E. Brooks Wilkins Family Medicine, P.A. v. WakeMed,* the trial court issued several orders adverse to the plaintiff, the plaintiff filed a notice of appeal thirty-three days thereafter, and the trial court dismissed the appeal as untimely. 244 N.C. App. 567, 576–77, 784 S.E.2d 178, 184–85 (2016), *disc. review denied,* 369 N.C. 524, 797 S.E.2d 18 (2017).  The *WakeMed* plaintiff then filed a notice of appeal from the court's appeal dismissal order and filed an alternative motion seeking review by certiorari if the notice of appeal was untimely.

6.      The Court of Appeals, having acknowledged a split in its opinions on whether an appeal will lie from a trial court order dismissing an appeal because of an untimely notice of appeal, elected to follow its earlier precedent holding the Court of Appeals has no jurisdiction and that there is no proper appeal before the Court of Appeals by reason of a notice of appeal from a trial court order dismissing an appeal. *Id.*  The Court of Appeals further held that if a writ of certiorari had been properly sought the writ should be denied because the trial court correctly dismissed the appeal as untimely.  *Id.*

7.      The Court of Appeals later followed this holding in *In re Estate of Cooke* when dismissing an appeal initiated by a notice of appeal of the trial court's order dismissing an appeal for untimely action.  No. COA17-948, 2018 N.C. App. LEXIS 336, at *2–3 (N.C. Ct. App. Apr. 17, 2018).  The Court of Appeals reiterated that it is not vested with jurisdiction by reason of a notice of appeal from an order dismissing an appeal.  *Id.* at *3.

8. Plaintiffs argue, nevertheless, that this Court is without power to grant the Motion because App. Rule 25 is limited to those instances where the appellant has failed to take timely action, and, here, the notice of appeal to institute the Second Appeal was unquestionably timely. Yet Plaintiffs' argument is premised on its contention that its notice of appeal supports appellate jurisdiction. There being no contrary precedent from the North Carolina Supreme Court, this Court is bound to follow the most recent precedent of the Court of Appeals which holds that such a notice of appeal does not vest appellate jurisdiction.

9. As to Plaintiffs' argument that App. Rule 25 is limited to instances where a notice of appeal is untimely, the Court follows its determination in *Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP*, that, where a record on appeal has not been filed, the trial court has power to dismiss a timely notice of appeal that is jurisdictionally defective. 2018 NCBC LEXIS 40, at *4–5 (N.C. Super. Ct. Apr. 30, 2018).

10. Accordingly, the Second Appeal is improper and should be and is DISMISSED.

IT IS SO ORDERED this the 21st day of August, 2019.


/s/ James L. Gale
_____
James L. Gale
Senior Business Court Judge